TREDINNICK, J.,
— Appellants, Alfred O. and Grace Y. Breinig, have appealed from the action of the Board of Commissioners of Abington Township, this county, in refusing to rezone a 6.5-acre tract owned by appellants. The appeal has been taken under authority purportedly granted by the Pennsylvania Municipalities Planning Code of July 31, 1968 (Act 247), 53 PS §10101, et seq., and alleges that the existing zoning is “unlawful and unconstitutional.”
The township filed preliminary objections to the appeal, in the nature of a motion to strike, alleging that no authority for such appeal exists either in the Municipalities Planning Code or elsewhere in the law.
On this state of the record, then, the issue may be simply stated: May an aggrieved property owner appeal directly to this court from the refusal of a local municipality’s legislative body to rezone his property?
Appellants base their right of appeal upon section 910 of the Municipalities Planning Code, which provides as follows:
“Except as provided in section 912, relating to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or map *399 adopted by the governing body. Recognizing that challenges to the validity of an ordinance or map may present issues of fact and of interpretation which may lie within the special competence of the board, and to facilitate speedy disposition of such challenges by a court, the board may hear all challenges wherein the validity of the ordinance or map presents any issue of fact or of interpretation, not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon as provided in section 908. At the conclusion of the hearing, the board shall decide all contested questions of interpretation and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court.”
Although the quoted section deals only with the functions of the zoning hearing board in matters involving a challenge to the validity of an ordinance, appellants reason that since the zoning hearing board may only find facts in connection with such a challenge where such facts have “. . . not hitherto (been) properly determined at a hearing before another competent agency or body . . . ”, inferentially, such a proceeding may be initiated before the board of commissioners, which is “. . . another . . . body,” and a direct appeal lies therefrom. Appellant adds that a full hearing was held before the commissioners, and that their record would be sufficient for this court to adjudicate the issues. (Italics supplied.)
At this point, we must analyze the nature of the appeal. In form, it is an appeal from the refusal of the board of commissioners to rezone. In substance, however, it is something else entirely, an attack upon existing zoning, zoning which was adopted sometime prior to the date when appellants sought rezoning. If a property owner quarrels with the impact of zoning *400 upon his property, he has two basic methods at his disposal to attempt to remedy the situation. He may seek legislative relief by attempting to persuade the local legislative body to rezone. He may also seek judicial relief through appropriate procedures, leading, hopefully from his point of view, to a decision by the courts that the zoning of which he complains is unconstitutional as it applied to his property.
In the present case, appellants have attempted the first means of redress, by legislative action. That has failed. They still have open to them the possibility of judicial relief, but not via a legislative route. The refusal of the commissioners to rezone does not form a foundation for an appeal attacking the prior zoning.
ORDER
And now, October 28, 1970, the preliminary objections are sustained, and the appeal dismissed.